UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUCIEN McARTHUR,  <br> Plaintiff, | ) <br> ) <br> ) |
| vs. | )   No. 21-1171 <br> ) |
| LEONTA L. JACKSON, et. al.,  <br> Defendants | ) <br> ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at Pontiac Correctional Center by Warden Leonta Jackson, Wexford Health Sources, and "Nursing Staff A-J." (Comp., p. 1). Specifically, Plaintiff claims the Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

Plaintiff was diagnosed with COVID-19 on May 16, 2020. From May 16, 2020 until May 26, 2020, Plaintiff complained daily his condition was deteroriating. On May 21, 2020, Plaintiff stated he was having difficulty breathing. Nonetheless, the nurses

1

simply provided Plaintiff with his medication and left. None of the nurses took his blood pressure or checked his oxygen levels.

Plaintiff says each day after May 21, 2020 he struggled to breathe. On May 25, 2020, the medical record indicates Plaintiff was pale and short of breath, but no additional care was provided.

Finally, Plaintiff was allowed to see a nurse practioner during sick call on May 26, 2020. At this point, Plaintiff was so sick he could not walk and was transported in a wheelchair. Plaintiff says "[s]he was shocked" at his blood pressure and oxygen levels. (Comp., p. 3-4).

Plaintiff was then taken to an outside hospital where he was diagnosed with pneumonia and he remained in the Intensive Care Unit for ten days. Plaintiff claims hospital staff said he was lucky there was no further delay, or he would not have survived.

Plaintiff has clearly articulated an Eighth Amendment claim against the nursing staff and/or correctional medical technicians (CMTs) who met with Plaintiff from May 16, 2020 through May 26, 2020. Since Plaintiff does not have the names of these individuals, the Court will add the Medical Director at Pontiac Correctional Center as a Defendant only for the purpose of identifying these individuals. *See i.e. Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir.1996). Once the appropriate Defendants are in the case, the Court will dismiss the Medical Director.

Plaintiff says he has named the Warden and Wexford for his official capacity claims against the Illinois Department of Corrections (IDOC) and its medical provider.

Plaintiff says IDOC and Wexford failed to train or supervise its staff to follow clear medical protocols for COVID-19. Plaintiff can demonstrate an official capacity claim if he demonstrates an "official policy, widespread custom, or action by an official with policy-making authority was the moving force behind [plaintiff's] constitutional injury." *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (quotation marks omitted), *citing Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)); *see also Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017).

"A failure to supervise can give rise to liability under § 1983, 'if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it.'" *Howe v. Godinez*, 2014 WL 4947245, at *5 (S.D.Ill. Oct. 1, 2014), *quoting Lanigan v. Village of East Hazel Crest, Ill.,* 110 F.3d 467, 477 (7th Cir. 1997). "A failure to train may give rise to liability where the inadequacy of the training amounts to deliberate indifference to the rights of persons with whom the personnel come into contact." *Howe,* 2014 WL 4947245, at *5, *citing City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989).

Plaintiff's complaint is focused on the lack of medical care received. While Wexford is clearly responsible for providing medical care at the facility, it is unclear if IDOC staff were also involved through the use of CMTs or other staff members. Therefore, Plaintiff has articulated and official capacity claim against the Warden and Wexford at this stage of the proceedings. Plaintiff is reminded he may seek injunctive relief, but not monetary damages for his official capacity claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

3

Plaintiff also briefly mentions the negligence of the nursing staff. (Comp., p. 5). Plaintiff cannot proceed with a federal claim pursuant to 42 U.S.C. §1983 based on negligence, but it's possible Plaintiff intended to allege the state law tort of medical malpractice based on the same conduct. Plaintiff may proceed with this claim at this stage of the proceedings.

However, Plaintiff is admonished he MUST comply with the requirements of the Illinois Healing Arts Malpractice statute by the summary judgment deadline. *See* 735 ILCS 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349 (7th Cir. Nov. 4, 2019) (allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement). This statute requires Plaintiff to provide the Court with an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). If Plaintiff fails to meet this requirement, his medical malpractice claim will be dismissed.

Finally, there could be an issue regarding whether Plaintiff fully exhausted his administrative remedies as required before filing his complaint. *See* 42 U.S.C. §1997e(a). However, Plaintiff says he exhausted all available remedies, and this is an issue better addressed in a dispositive motion.

In addition to his complaint, plaintiff has filed a motion for appointment of counsel.[5]. Plaintiff has no constitutional or statutory right to the appointment of counsel. In addition, the Court cannot require an attorney to accept *pro bono*

4

appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has demonstrated at least some attempt to find counsel on his own. In addition, Plaintiff's complaint is clear and on point. Plaintiff has also attached some relevant exhibits to his complaint. (Comp., p. 6-31). Plaintiff has further demonstrated he is capable of describing his efforts to obtain medical care, and he should be able to obtain additional medical records during discovery. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

Plaintiff also has at least some experience litigating similar claims and conducting discovery. *See McArthur v. Tilden*, Case No. 13-1248.

The Court will also set a telephone conference call once the Defendants have been served to discuss the claims, potential defenses, needed discovery, and interest in mediation. The Court will also enter a Scheduling Order after the hearing with important information to assist a *pro se* litigant. At this stage of the proceedings, the Court finds Plaintiff is competent to represent himself and the motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Warden Leonta Jackson, Wexford Health Sources, and members of the nursing staff violated his Eighth Amendment rights and the nursing staff committed the state law tort of medical malpractice at Pontiac Correctional Center from May 16, 2020 until May 26, 2020.  Specifically, Plaintiff was not provided appropriate medical care for his increasing COVID-19 symptoms and he was left to suffer with breathing problems during this time period.  The Eighth Amendment claim is stated against nursing staff in their individual capacities and against the Warden and Wexford in their official capacities.  The Court will also add Pontiac Correctional Center's Medical Director as a Defendant to assist in identifying the Defendant nurses. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If

Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Add Defendant Pontiac Correctional Center Medical Director as a Defendant for the purpose of identifying Defendants only; 2) Deny Plaintiff's motion for appointment of counsel, [5];  3) Attempt service on the named Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 30th day of September, 2021.

                                          s/ James E. Shadid
                               _____
                                           JAMES E. SHADID
                               UNITED STATES DISTRICT JUDGE